74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anne D. BURKE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3001.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1996.
 
 Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Anne D. Burke seeks review of the final decision of the Merit Systems Protection Board, Docket No. PH-0831-95-0320-I-1, upholding the decision of the Office of Personnel Management (OPM) that, because she was no longer a federal employee, she was not entitled to redeposit retirement account funds that had previously been refunded to her. We affirm.
 
 BACKGROUND
 
 2
 Burke worked for the federal government at various times between 1970 and 1983, when she retired. During her employment, a portion of her pay was deducted and set aside for her retirement pursuant to the Civil Service Retirement Act. In 1992, Burke applied for a refund of all of her retirement deductions, and in 1993, the Office of Personnel Management authorized the refund, totaling $8,355.26. In 1994, after her retirement, Burke sought to redeposit that amount into the Civil Service Retirement System. The Office of Personnel Management denied the request because Burke was no longer working for the federal government.
 
 
 3
 Burke appealed OPM's decision to the Merit Systems Protection Board stating that at the time she withdrew her retirement funds, she was told by a government employee that she could redeposit the funds in the future. Burke argued that she would not have withdrawn the funds had she known that she would not be allowed to redeposit them after her retirement.
 
 
 4
 The Board affirmed OPM's decision that Burke was not entitled to redeposit her retirement funds after she left the employment of the federal government. Regarding Burke's claim that she had been misled by a government employee, the Board held that, under the Supreme Court's ruling in Office of Personnel Management v. Richmond, 496 U.S. 414 (1990), the government cannot be forced to pay monetary benefits to an applicant who is statutorily ineligible for the benefits, even if the applicant lost the opportunity to obtain the benefits because he or she detrimentally relied on erroneous advice from a government employee.
 
 DISCUSSION
 
 5
 Under specific conditions, an employee may apply for, and receive, a lump-sum payment of the funds in the employee's retirement account. 5 U.S.C. Sec. 8342(a). Receipt of such a payment, however, voids all of the employee's annuity rights. Id. While employees may redeposit refunded money into the retirement system under certain circumstances, only current federal employees are eligible to do so. 5 U.S.C. Sec. 8334(d)(1).
 
 
 6
 Before the Board, Burke did not dispute that she was no longer employed by the federal government. The Board was therefore correct that she was not eligible to redeposit funds into her retirement account. Furthermore, the Board was correct that the Supreme Court's decision in Richmond held that the government could not be estopped from denying monetary benefits to Burke on the ground that she relied to her detriment on erroneous advice from another government employee.
 
 
 7
 The facts in Richmond are nearly identical to the facts of this case. In Richmond, an employee lost annuity benefits after relying on erroneous advice from an agency employee. The Supreme Court held that despite the erroneous representations of a government agent, the federal government cannot be equitably estopped from denying monetary claims against the Treasury. Accordingly, as the Board held, even accepting Burke's allegations that she was given erroneous advice regarding the redeposit of her retirement funds, she was not statutorily entitled to redeposit the withdrawn funds after her retirement, and she is therefore not entitled to the relief she seeks in this proceeding.